UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                Case No: 8:08-cv-2018-T-33TGW

v.

BARRINGTON A. FERGUSON,

    Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff's Response to this Court's Order to Show Cause (Doc. # 6), which was filed on June 2, 2009.[1] Plaintiff indicates that it has attempted to serve Defendant with process, but has not yet effected service of process. Plaintiff requests an order granting 30 additional days in which to serve process upon Defendant and also transferring this case to the United States District Court for the Southern District of Florida. For the reasons that follow, the motion will be granted.

**Analysis**

Venue in cases arising under federal law is governed by 28 U.S.C. § 1391(b), which states:

---

[1] On May 19, 2009, the Court directed Plaintiff to show cause why this case should not be dismissed for lack of prosecution pursuant to Local Rule 3.10, M.D. Fla. (Doc. # 5).

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

In addition, 28 U.S.C. § 1406(a) states that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Counsel for the Plaintiff, Steven M. Davis, Esq., is located in Coral Gables, Florida (located in Miami-Dade County) and Defendant's real property is located in Coral Springs, Florida (located in Broward County). Plaintiff has attempted service of process on Defendant in both Hillsborough County, Florida and Broward County, Florida without success. (Doc. # 6).

This Court finds that the interests of justice will be served by a transfer of this case from the Middle District of Florida, Tampa Division, to the Southern District of Florida,

Miami Division, so that Plaintiff may continue its efforts to effectuate service of process on Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure. In addition, as Plaintiff has diligently, but unsuccessfully, attempted to serve process upon Defendant, the Court grants Plaintiff's request for 30 additional days in which to serve Defendant with process.

Accordingly, it is now

**ORDERED ADJUDGED** and **DECREED** that**:**

(1) Plaintiff is granted 30 days from the date of this Order to effectuate service of process upon Defendant.

(2) The Clerk is directed to transfer this case to the Southern District of Florida, Miami Division.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of June, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record